UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMAL JOHNSON                                                         CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                                              NO. 11-CV-325-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 19, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMAL JOHNSON                                                        CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                                                    NO. 11-CV-325-JJB-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's Motion for Relief from Judgment (R. Doc. 34), which has been filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Motion has been referred to the undersigned for such action as may be appropriate. *See* R. Doc. 35.

Pursuant to Ruling dated November 4, 2011 (R. Doc. 20), the above-captioned habeas corpus proceeding was dismissed upon a finding that the petitioner failed to exhaust his federal right-to-testify claim in Louisiana courts, and was procedurally defaulted. The petitioner pursued an appeal from that Ruling, which was affirmed by the United States Fifth Circuit Court of Appeals on May 15, 2013. *See* R. Doc. 29. Thereafter, on or about March 3, 2014, the petitioner filed an initial *pro se* Motion for Relief from Judgment (R. Doc. 31), which was denied by the District Judge on August 25, 2014. Now, over a year later, the petitioner has filed this second motion seeking relief from judgment. The petitioner argues that he is entitled to relief under Rule 60(b)(4) because the judgment is void. He asserts that the Court's ruling denying habeas corpus relief is inconsistent with due process since the Court applied the wrong standard of review resulting in an inaccurate dismissal of the petitioner's federal habeas. Alternatively, the petitioner asserts that he is entitled to relief under Rule 60(b)(6) because his habeas counsel

abandoned him by disclaiming or forfeiting the petitioner's argument regarding his federal right-to-testify claim.

Rule 60(c)(1) makes clear that a motion brought pursuant to Rule 60(b)(4) or 60(b)(6) "must be made within a reasonable time" unless good cause can be shown for the delay. *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). What constitutes "good cause" for a reasonable delay "must necessarily be evaluated on a case-by-case basis." *Id*. "The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though "the determination of reasonableness is less than a scientific exercise." *Id*. at 121.

In the instant matter, any error, if any, related to the habeas proceedings occurred—and was obvious—in 2011 when the District Court denied petitioner's habeas petition. Petitioner should have appealed the errors he now asserts herein on direct appeal. "[E]ven if the trial court had applied an incorrect legal standard ... the proper way to challenge its ruling in the court of appeals is by appeal of its ruling, not by appeal of a denial of a Rule 60(b) motion." *Gary W. v. Louisiana*, 622 F.2d 804, 805 (5th Cir. 1980). "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985).

The petitioner, who was represented by the same counsel now as he was at the time of the Court's Ruling denying habeas corpus relief, and also through the subsequent appeal of the same, offers no reason whatsoever to explain the delay in the filing of the instant Motion. The Court finds that, in this case, the time elapsed between the Court's Ruling (R. Doc. 20) in 2011 and the

filing of the instant Motion (R. Doc. 34) in 2016, is not a reasonable time under Rule 60. Several courts have found that substantially less time is not reasonable. *See Scheanette v. Quarterman*, 309 Fed. Appx. 870, 873 n. 2 (5th Cir. 2009) (finding 60(b) motion not made within a reasonable time where petitioner "offers no explanation for why it took him nearly two years to seek reconsideration of the district court's decision especially when the grounds he raises were known to him at the time the petition was filed and denied."); *Earl v. Johnson*, 51 F.3d 1043, *1 (5th Cir. 1995) (finding two years is not a reasonable time where petitioner failed to show he was prevented from discovering legal basis of motion or was prevented from filing motion); *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992) (finding two year delay in filing Rule 60(b) motion is not within reasonable time where there is no plausible justification for the delay); *Bilbrey v. Quarterman*, 2006 WL 1982489, *2 (N.D.Tex. July 11, 2006) ("absent any cogent explanation," two years is not a reasonable time). As such, the petitioner's Motion should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnso*n, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's Motion (R. Doc. 34) be denied.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on May 19, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**